IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAIJA JACKSON, SHAROBIN WHITE, LATOYA IDLEBIRD, DINAH CLARK, NAKEYSHA JOSEPH, JANEY WILLIAMS, DENESHA JOSEPH, LAWANDA DOUGLAS, AMANDA WILLIAMS, SHIRLEY ANDREWS, RODNEY BOB, ALEXIS JOSEPH, and MISTY JOSEPH, <br><br> *Plaintiffs*, <br><br> vs. <br><br> THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and DM ARBOR COURT, LTD, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § | Civil Action No.  4:18-cv-02468 |

**DEFENDANT DM ARBOR COURT, LTD'S
ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant DM Arbor Court, Ltd. ("Defendant") files its Original Answer to Plaintiffs' Complaint [Doc. 1] and states with regard to each numbered paragraph of the Complaint, as follows:

1. Defendant admits the apartments are HUD funded as alleged, and that Plaintiffs are persons who are or were tenants at the apartments and denies the remaining allegations in paragraph 1.

2. Defendant admits the location of the apartments in the Floodway and to the allegation that first floor units remain vacant and uninhabitable following Hurricane Harvey, and denies the remaining allegations in paragraph 2.

3. Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 3.

DEFENDANT DM ARBOR COURT, LTD'S ORIGINAL ANSWER
TO PLAINTIFFS' COMPLAINT                                                                                         Page 1

4.      Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 4.

5.      Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 5.

6.      Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 6.

7.      Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 7.

8.      Defendant admits Plaintiffs seek the relief described in paragraph 8 but deny their entitlement to such relief.

9.      As alleged in paragraph 9, Defendant admits that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1331 and 42 U.S.C. § 3613(a)(1)(A).  Defendant further admits that this Court has the right to judicial review pursuant to 5 U.S.C. § 702.

10.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 10.

11.     Defendant admits on information and belief that Daija Jackson is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 11.

12.     Defendant admits on information and belief that Sharobin White is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 12.

13.     Defendant admits on information and belief that Latoya Idlebird is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a

belief as to the truth of the remaining allegations in paragraph 13.

14.     Defendant admits on information and belief that Dinah Clark is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 14.

15.     Defendant admits on information and belief that Nakeysha Boniaby is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 15.

16.     Defendant admits on information and belief that Janey Williams is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 16.

17.     Defendant admits on information and belief that Denesha Joseph is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 17.

18.     Defendant admits on information and belief that Lawanda Douglas is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 18.

19.     Defendant admits on information and belief that Amanda Williams is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 19.

20.     Defendant admits on information and belief that Shirley Andrews is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 20.

21.     Defendant admits on information and belief that Rodney Bob is or has been a

project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 21.

22.     Defendant admits on information and belief that Alexis Joseph is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 22.

23.     Defendant admits on information and belief that Misty Joseph is or has been a project-based Section 8 voucher resident and otherwise is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 23.

24.     Defendant admits to the allegation in the first, third and last sentence of paragraph 24 and is without sufficient information to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 24.

25.     Defendant admits to the allegations in paragraph 25.

26.     Defendant admits to the allegations in paragraph 26.

27.     On information and belief, Defendant admits the allegations in paragraph 27.

28.     Defendant admits the allegations in paragraph 28.

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant denies the allegations in the first sentence, admits the allegations in the second sentence, and is without sufficient information to form a belief as to the truth of the remaining allegations in the third sentence, of paragraph 30.

31.     Defendant denies the allegations in paragraph 31 as phrased, but admits that most of the first floor units of every building cannot currently be occupied due to the wrongful refusal of the City of Houston to permit repair of those units.

32.     Defendant denies the allegations in paragraph 32.

33.     Defendant denies the allegations in paragraph 33.

34.     Defendant denies the allegations in paragraph 34 as phrased although Defendant does admit that the City of Houston Fire Marshal has cited the project, and Defendant has complied with its citation mitigation requirements.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

37.     Defendant admits the allegations in paragraph 37.

38.     Defendant admits the allegations in paragraph 38.

39.     Defendant admits the allegations in paragraph 39.

40.     Defendant denies the allegations in paragraph 40.

41.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 41.

42.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 42.

43.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 43.

44.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 44.

45.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 45.

46.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 46.

47.     Defendant admits the allegations in paragraph 47.

48.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 48.

49.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 49.

50.     Defendant admits the allegations about where the project is located and that is has flooded twice since 2016 and denies the remaining allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 52.

53.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 53.

54.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 54.

55.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 55.

56.     Defendant admits the City of Houston has denied the building permits needed to repair the flood damage at the property, that a fired watch service has been retained, denies the allegation as to why the City has denied permits and the red-tagging allegation as phrased, and is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 56.

57.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 57.

58.     Defendant is without sufficient information to form a belief as to the truth of the

allegations in paragraph 58.

59.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 59.

60.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 60.

61.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 61.

62.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 62.

63.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 63.

64.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 64.

65.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 65.

66.     Defendant admits the allegations in the first sentence, but Defendant is without sufficient information to form a belief as to the truth of the allegations in the second sentence of paragraph 66.

67.     Defendant admits the allegations in paragraph 67.

68.     Defendant admits the allegations in the first sentence, is without sufficient information to form a belief as to the truth of the allegations in the second sentence and admits to the allegations in the third sentence of paragraph 68.

69.     Defendant is without sufficient information to form a belief as to the truth of the

allegations in paragraph 69.

70.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 70.

71.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 71.

72.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 72.

73.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 73.

74.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 74.

75.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 75.

76.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 76.

77.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 77.

78.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 78.

79.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 79.

80.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 80.

81.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 81.

82.     Defendant is without sufficient information to form a belief as to the truth of the allegations in paragraph 82.

Pleading further, Defendant denies that Plaintiffs are entitled to the relief prayed for in their "Prayer for Relief", sections "A" through "F."

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken
State Bar No. 04057800
Southern District Bar No. 21390
kchaiken@chaikenlaw.com
Attorney-in-Charge

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

**ATTORNEYS FOR DM ARBOR COURT, LTD.**

</div>

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record via the Court's electronic filing system on this 28th day of September, 2018.

<div style="margin-left:40%">

*/s/ Kenneth B. Chaiken*
Kenneth B. Chaiken

</div>